RECEIVED
USDC CLERK, CHARLESTON, SC
2007 APR 27 P 2: 10

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mark Antony Nesbitt, | ) C/A 2:07-914-CWH-RSC |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Booksurge LLC, | ) |
| Defendant. | ) |

The plaintiff, Mark Antony Nesbitt (hereafter "Plaintiff"), files this action *pro se*, and is proceeding *in forma pauperis* under 28 U.S.C. § 1915. All pretrial matters in cases with a *pro se* party or application to proceed *in forma pauperis* are authorized for review by an assigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(b) and (e), D.S.C., for submission of findings and recommendations to the District Court.

## *PRO SE* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint has been filed pursuant to 28 U.S.C. § 1915,

which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the Complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir.

1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Discussion

The burden of establishing that a federal court has jurisdiction rests upon the party asserting a case. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the Complaint." *Davis . Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. at 182-83). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the Complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the Complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999)(citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)).

The Complaint in this case does not contain a jurisdictional statement or allege facts that provide this court with jurisdiction. Plaintiff's claim that the Defendant's breach of contract caused others to continue to abuse Plaintiff's human rights, fails to present a claim available in federal court.

3

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id*. The Complaint fails to establish federal jurisdiction in this case and should be dismissed.

The Complaint presents an action for breach of contract. Although Plaintiff claims "Human Right's Abuse's"[sic], he does so in context of damages from the breach of contract. The Complaint does not pose a federal question; thus, does not serve as the basis for federal jurisdiction. Plaintiff's allegations could be construed, at most, to set forth a cause of action for breach of contract based in state law. Federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). Since Plaintiff has asserted no federal claims, this Court cannot exercise "supplemental" jurisdiction over Plaintiff's state claims. *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

A civil action for Plaintiff's state claims would be

cognizable in this Court under the diversity statute, if that statute's requirements are satisfied. *Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992), *aff'd*, 10 F.3d 806 (4th Cir. 1993)[Table]. The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). See 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978).

The Complaint provides a South Carolina address for both Plaintiff and the Defendant in this case. Diversity jurisdiction in this case has not been established because Plaintiff and the Defendant are both "residents" of the State of South Carolina, so complete diversity of parties is absent. The Complaint also fails to state an amount in controversy, other than the nine hundred and ninety-nine dollars ($999) consideration paid for the contract, thus it is unclear if the amount in controversy meets the jurisdictional minimum. The Complaint does not establish a basis for federal jurisdiction in this case.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. See *United Mine Workers v. Gibbs*, 383 U.S.

715 (1966); *see also* *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

April 26, 2007
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).