**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Mark Antony Nesbitt, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 2:07-914-CWH |
| ) | |
| vs. ) | |
| ) | |
| Booksurge LLC, ) | **ORDER** |
| ) | |
| Defendant, ) | |

On April 4, 2007, the plaintiff filed a *pro se* complaint against Booksurge LLC ("Booksurge) and a motion to proceed in forma pauperis under 28 U.S.C. § 1915. The complaint alleges that the defendant breached its contract to publish the plaintiff's book and failed to return the $999.00 fee that the plaintiff paid the defendant to publish his book. On April 27, 2007, Magistrate Judge Robert S. Carr ("Magistrate Judge Carr") issued a report analyzing the issues and recommending dismissal of this action without prejudice and without issuance and service of process because this Court lacks subject matter jurisdiction, either diversity or federal question, to hear the plaintiff's complaint.

On May 2, 2007, the plaintiff objected to Magistrate Judge Carr's findings in the report and recommendation. This Court is charged with making a *de novo* determination of any portions of the magistrate judge's recommendation to which specific objection is made. *See* 28 U.S.C. § 636(b). The Court evaluates the evidence without granting any deference to the magistrate judge's findings and conclusions. Matthews v. Weber, 423 U.S. 261, 270-71 (1976). The final decision is made by the Court based upon the actual record, not merely the magistrate

...

judge's reported findings. <u>Wimmer v. Cook</u>, 774 F.2d 68, 76 (4th Cir. 1985). The Court may accept, reject, or modify, in whole or in part, the report and recommendation, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends." The record shows that the plaintiff has failed to allege any facts that would support jurisdiction. If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." <u>Pinkley, Inc. v. City of Frederick</u>, 191 F.3d 394, 399 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. <u>Lovern v. Edwards</u>, 190 F.3d 648, 654 (4th Cir. 1999). The complaint fails to establish federal jurisdiction in this case and should be dismissed.

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. Although the plaintiff's *pro se* complaint is liberally construed, federal courts are of limited jurisdiction. <u>Gordon v. Leeke</u>, 574 F.2d 1174, 1151 (4th Cir. 1978). The burden is on the party asserting jurisdiction to demonstrate that jurisdiction in fact exists. <u>Lovern v. Edwards</u>, 190 F.3d 648, 654 (4th Cir. 1999). A district court may determine that it lacks subject matter jurisdiction if it finds "insufficient allegations in the pleadings, viewing the alleged facts in the light most favorable to the plaintiff, similar to an evaluation pursuant to Rule 12(b)(6)." <u>Id</u>.

The two most commonly recognized and utilized bases for federal court jurisdiction are

federal question under 28 U.S.C. § 1331 and (2) diversity of citizenship under 28 U.S.C. § 1332. The allegations contained in the complaint do not fall within the scope of either form of this Court's limited jurisdiction, and there is no other possible basis for federal jurisdiction evident.

First, it is clear that the essential allegations contained in the complaint are insufficient to show federal question jurisdiction, which exists when the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  That is, the complaint does not state a claim cognizable under this Court's federal question jurisdiction.  "It is settled doctrine that a case is not cognizable in federal trial court, in the absence of diversity of citizenship, unless it appears from the face of the complaint that determination of the suit depends upon a question of federal law."  Pan Am. Petroleum Corp. v. Superior Court of Delaware, 336 U.S. 656, 663 (1961).  The plaintiff's complaint alleges that the defendant breached its contract to publish the plaintiff's book and failed to return the $999.00 publishing fee.  Although the plaintiff claims "Human Right's Abuses's" [sic], he does so in the context of damages from the breach of contract.  The complaint does not pose a federal question and thus, does not serve as the basis for federal jurisdiction.  The plaintiff's allegations could be construed, at most, to set forth a cause of action for breach of contract based in state law.

Second, there is no basis for a finding of diversity jurisdiction over this complaint.  The diversity statute, 29 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000.00.  "That is, diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff."  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 (1978).  This Court lacks diversity jurisdiction under 29 U.S.C. § 1332 because the plaintiff fails to allege the state in which he is a citizen, and the required

jurisdictional amount in controversy is not met.  In the complaint, the addresses provided by the plaintiff for the parties are both in South Carolina.  When jurisdiction is based on diversity of citizenship, the complaint must specifically allege each party's citizenship and those allegations must show that the plaintiff and the defendant are citizens of different states.  *See* Gambelli v. U.S., 904 F.Supp. 494, 498 (E.D. Va. 1995).  Additionally, the plaintiff seeks relief only in the amount of $999.00.

The complaint in this case does not contain a jurisdictional statement or allege facts that could provide this Court with jurisdiction.  Therefore, this Court concludes that it lacks subject matter jurisdiction and "must dismiss the complaint in its entirety."  Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

### I. Plaintiff's Objections

The plaintiff's objections to Magistrate Judge Carr's report and recommendation are as follows: 1) the federal court has jurisdiction over this matter; 2) the plaintiff is not a citizen of South Carolina; 3) the plaintiff has suffered damages because he has been prevented from filing suit against the British Government; and 4) the plaintiff has been deprived of royalties.  These objections are each discussed in turn below.

#### A. Federal Court's Jurisdiction

The plaintiff alleges that the court should have jurisdiction over this matter because people are conspiring to torture and possibly kill him, and therefore, his action should be within the jurisdiction of the court.  This objection is without merit.  As discussed previously, the plaintiff fails to plead facts that would allow the Court to have jurisdiction.

#### B. The Plaintiff is Not a Citizen of South Carolina

The plaintiff asserts that he is not a citizen of South Carolina, but rather England, and is only in South Carolina because the contract with Booksurge is subject to South Carolina law. As stated by a highly respected treatise on federal practice: "the burden of pleading the citizenship of each and every party to the action is on the party seeking to invoke the federal forum." 13B C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure, § 3611, at 516-17 (2d ed. 1984). The plaintiff, however, does not produce any such evidence of his British citizenship other than this allegation. As discussed above, according to the information provided in the complaint, the plaintiff fails to allege each party's citizenship. Therefore, this objection is without merit.

C.  Claims Against the British Government

The plaintiff asserts that he has not been able to collect millions of pounds in compensation from the British Government because he must stay in the United States to prosecute this lawsuit against Booksurge. The plaintiff has failed to allege facts that would allow this Court to have jurisdiction over this matter. Therefore, the plaintiff's objection is without merit.

D.  Plaintiff Should Be a Millionaire from the Royalties

The plaintiff claims that if Booksurge had published his book as originally planned, he would have become a millionaire from the book's royalties. It is well settled that speculative damages are not recoverable. "Considerable latitude may be given the plaintiff to establish the basis of his claim for damages for the purpose of satisfying the jurisdiction amount requirement in a diversity suit, but there must be something other than pure speculation on which the court and/or jury can rely." Cunningham v. Ford Motor Co., 413 F.Supp. 1101, 1103 (D.S.C. 1976).

The plaintiff's book was never published, and the plaintiff does not set forth any way to determine the potential royalties from his book. Therefore, it would be pure speculation to consider the potential royalties he may have earned.

Accordingly, the Court finds that Magistrate Judge Carr's recommendation is appropriate. For the reasons stated above, the plaintiff's claims against the defendant are dismissed without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

_C. Weston Houck_

**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

October 24, 2007
Charleston, South Carolina